IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUBEN D. HUGHES,
No. 7997-424,

Petitioner,

vs.                                    Case No. 18-cv-510-DRH

T.G. WERLICH,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to a sentencing enhancement under the United States Sentencing Guidelines ("USSG") based on his prior Illinois drug-related conviction. (Docs. 1 and 1-1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

1

corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

**<u>Background</u>**

In 1997, in the Northern District of Illinois, petitioner was charged in a six count superseding indictment (97-cr-670) with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. (Doc. 1-1, p. 1). On June 15, 1998, prior to trial, the government filed a Notice, pursuant to 21 U.S.C. § 851, advising petitioner that upon conviction, it would seek enhanced penalties based on (1) petitioner's 1990 felony drug conviction in Will County, Illinois (89-CF-576) for possession of a controlled substance with intent to deliver and (2) the fact that the offense with which petitioner was charged involved more than five kilograms of cocaine and more than 50 grams of cocaine base ("crack"). (Doc. 1-1, p. 2; Doc. 1-2).

In June 1998, petitioner was convicted on five counts of trafficking cocaine and cocaine base, and one count of illegal firearms possession. Following an evidentiary hearing concerning the amount of cocaine base processed by petitioner's organization, the Court sentenced him to life imprisonment on each of the five drug trafficking charges (Counts One through Five). The Court also sentenced petitioner to 10 years on the firearms violation (Count Six). *See U.S. v. Hughes,* 2004 WL 783070 (N.D. Ill. Jan. 13, 2004).

On direct appeal the Seventh Circuit upheld the convictions and sentences on four of six counts. *See United States v. Hughes*, 213 F.3d 323, 335-36 (7th

Cir.), vacated, 531 U.S. 975, 121 S.Ct. 423, 148 L.Ed.2d 432 (2000), reinstated in part, 5 Fed.Appx. 507 (7th Cir.2001). In 2008 petitioner moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), invoking amendments to the sentencing guidelines. The district court found petitioner ineligible for resentencing and denied the motion. On July 13, 2010, the Seventh Circuit affirmed the judgment. *U.S.v. hughes,* 384 Fed.Appx. 509 (7th Cir. 2010).

Most recently, petitioner moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), invoking Amendment 782 to the United States Sentencing Guidelines. (97-cr-670, Doc. 216). That motion was granted on June 15, 2017, and petitioner's previously imposed sentence of imprisonment of Life was reduced to 360 months. (97-cr-670, Doc. 236).

## **The Petition**

Petitioner now claims that under *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), it was improper to enhance his federal sentence on the basis of his Illinois drug conviction. He argues that the statute under which he was convicted in Illinois (now found at 720 ILCS 570/401) is broader than the federal generic offense under 21 U.S.C. § 841(a)(1).

The Illinois statute criminalizing possession with intent to deliver provided that it is unlawful "knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance[.]" 720 ILCS 570/401 (1997); (formerly Ill. Rev. Stat. Ch. 56 1/2, para. 1401). Petitioner contrasts this statute with the federal offense language, which makes it unlawful

to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a)(1). He argues that the Illinois statute is indivisible, and defines the essential element of "delivery" broadly enough to include solicitation of unlawful delivery, offering to sell without possession, and to share a controlled substance without an exchange of consideration. He concludes that because § 841(a)(1) does not criminalize solicitation of unlawful delivery of a controlled substance, an offer to sell, or sharing a controlled substance, the elements of the Illinois crime is overly broad and does not match the federal statute. On this basis, petitioner seeks to be resentenced without the allegedly improper enhancement.

## **Discussion**

This Court has found that a collateral attack invoking *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three conditions which would allow consideration in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, the Seventh Circuit on November 8, 2017, issued an opinion squarely rejecting a challenge to the enhancement of a federal sentence that had been based on prior Illinois drug convictions. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career

offender enhancement of sentence based on Illinois controlled substance convictions was proper, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Petitioner challenges the *Redden* decision and argues that this Court should not apply it to his case. However, *Redden* is controlling authority in this Circuit, and based on the *Redden* opinion, the instant Petition must be dismissed.

The *Redden* court, referencing the Illinois statute's definitions relating to controlled substance offenses, stated:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden,* 875 F.3d at 374. The Illinois statute does not contain the element of "offering" a drug for sale, as did the Texas statute that led the *Hinkle* court to invalidate Hinkle's career-offender enhancement. Given the equivalence of "delivery" in Illinois with "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug convictions. *Redden*, 875 F.3d at 374.

Applying the *Redden* court's binding precedent, petitioner's Illinois controlled substance conviction under 720 ILCS 570/401 was properly used as a

5

predicate conviction for his sentencing enhancement.[1] Petitioner is therefore not entitled to relief in this action.

## **Disposition**

To summarize, petitioner's claim that his Illinois drug conviction should not be considered a "controlled substance offenses" that would trigger enhanced career-offender sentencing is frivolous under *United States v. Redden,* 875 F.3d at 374. Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to

---

[1] It is not clear that petitioner's prior Illinois conviction contributed to the initial imposition of a life sentence. (Doc. 1-1, p. 6). Regardless, even assuming that petitioner's sentence was enhanced as a result of this prior conviction, as outlined above, under *Redden* his argument is without merit.

6

obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.21
12:36:35 -05'00'

**United States District Judge**